1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AMANDA U. LEVY,                         No.  2:13-cv-1269 GEB DAD PS

12              Plaintiff,

13        v.                                 ORDER

14   SUBWAY,

15              Defendant.

16

17              Plaintiff Amanda Levy is proceeding in this action pro se.  This matter was

18   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).[1]

19   Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20              Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

21   § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

22   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

23   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

24   the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

25   Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

26   also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

27   ─────────────────────

28   [1]  This matter was transferred from the United States District Court for the District of Connecticut
     to this court on June 10, 2013.

                                                   1

1   examine any application for leave to proceed in forma pauperis to determine whether the

2   proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

3   bound to deny a motion seeking leave to proceed in forma pauperis.")  Moreover, the court must

4   dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

5   if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

6   may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §

7   1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

8   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

9   Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based

10   on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

11   Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

12          To state a claim on which relief may be granted, the plaintiff must allege "enough

13   facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

14   U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

15   accepts as true the material allegations in the complaint and construes the allegations in the light

16   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

17   Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

18   1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

19   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true

20   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

21   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

22          The minimum requirements for a civil complaint in federal court are as follows:

23          A pleading which sets forth a claim for relief . . . shall contain (1) a
           short and plain statement of the grounds upon which the court's
24          jurisdiction depends . . . , (2) a short and plain statement of the
           claim showing that the pleader is entitled to relief, and (3) a demand
25          for judgment for the relief the pleader seeks.

26   FED. R. CIV. P. 8(a).

27          Here, plaintiff's complaint does not contain a short and plain statement of her

28   claim showing that she is entitled to relief.  Rather, in her complaint plaintiff merely alleges as

2

1   follows.  On May 25, 2013, she was "bullied and defamed" by one of defendant's employees at

2   "defendant's store on 9th and K."  (Compl.  (Doc. No. 1) at 2.)  Plaintiff was again "bullied and

3   defamed" when she "returned to 7th and J again to replenish her blood supply."  (Id.)  Plaintiff

4   "has become anemic from lots of food poisonings."  (Id.)  Moreover, "some women have bullied

5   [plaintiff] all her life for not aging."  (Id. at 3.)

6           Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

7   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

8   state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

9   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

10   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

11   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

12   enhancements.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

13   557).  A plaintiff must allege with at least some degree of particularity overt acts which the

14   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

15           Accordingly, plaintiff's complaint fails to state a claim on which relief may be

16   granted.  The court has carefully considered whether plaintiff may amend her complaint to state a

17   claim upon which relief can be granted.  "Valid reasons for denying leave to amend include

18   undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan

19   Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath

20   Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

21   be freely given, the court does not have to allow futile amendments).  In light of the obvious

22   deficiencies of the complaint noted above, the court finds that it would be futile to grant plaintiff

23   leave to amend.

24           Moreover, "the court notes that this complaint appears to be one of several

25   hundred frivolous complaints that plaintiff has filed all over the country."[2]  Amanda U. Levy v. 7-

26

_____

27   [2]  Findings and Recommendations are currently pending in one such case in this district
     recommending that plaintiff be declared a vexatious litigant.  See Levy v. California State
28   Library, No. 2:13-cv-0693 LKK AC PS, 2013 WL 4482947, at *1 (E.D. Cal. Aug. 19, 2013).

3

1  Eleven Store, No. 2:13-cv-982 JAM EFB PS, 2013 WL 2286274, at *3 (E.D. Cal. May 23, 2013).

2  The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the

3  activities of abusive litigants by imposing carefully tailored restrictions under the appropriate

4  circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing

5  requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a

6  litigant to seek permission from the court prior to filing any future suits).  See also Molski v.

7  Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

8  　　　　Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the

9  California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a

10  procedural rule of this Court on the basis of which the Court may order the giving of security,

11  bond, or undertaking, although the power of the court shall not be limited thereby."  California

12  Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious

13  litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious

14  motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely

15  intended to cause unnecessary delay." CAL. CODE CIV. PRO. § 391(b)(3).

16  　　　　Pre-filing review orders, in which a complainant is required to obtain approval

17  from a United States Magistrate Judge or District Judge prior to filing a complaint, can

18  appropriately be imposed in certain circumstances but "should rarely be filed." DeLong, 912

19  F.2d at 1147.  See also Molski, 500 F.3d at 1057.  The Ninth Circuit has articulated that the

20  following four conditions must be met before the court enters a pre-filing review order:  (1)

21  plaintiff must be given adequate notice to oppose the order; (2) the court must provide an

22  adequate record for review, listing the pleadings that led the court to conclude that a vexatious

23  litigant order was warranted; (3) the court must make substantive findings as to the frivolous or

24  harassing nature of the litigant's actions; and (4) the order must be narrowly tailored.  See

25  DeLong, 912 F.2d at 1147-48; Molski, 500 F.3d at 1057-58.

26  　　　　To make substantive findings of frivolousness, the district court must look at "both

27  the number and content of the filings as indicia" of the frivolousness of the litigant's claims.  In re

28  Powell, 851 F.2d 427, 431 (9th Cir. 1988).  See also Moy v United States, 906 F.2d 467, 470 (9th

1   Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness.").

2   Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's

3   findings," a district court may not issue a pre-filing order.  O'Loughlin v. Doe, 920 F.2d 614, 618

4   (9th Cir. 1990).

5              Having reviewed plaintiff's allegations here, the undersigned will make a

6   substantive finding of frivolousness as to the complaint filed in this action.  Moreover, plaintiff is

7   cautioned that frivolous filings such as this may result in the recommendation that her filings be

8   subject to a pre-filing review order.[3]

9              Accordingly, IT IS HEREBY RECOMMENDED that:

10             1.  Plaintiff's June 5, 2013 application to proceed in forma pauperis (Doc. No. 2)

11   be denied;

12             2.  Plaintiff's June 5, 2013 complaint (Doc. No. 1) be dismissed without leave to

13   amend; and

14             3.  This action be closed.

15             These findings and recommendations will be submitted to the United States

16   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

17   fourteen (14) days after being served with these findings and recommendations, plaintiff may file

18   written objections with the court.  A document containing objections should be titled "Objections

19   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

20   objections within the specified time may, under certain circumstances, waive the right to appeal

21   the District Court's order.  See Martinez v. Ylst 951 F.2d 1153 (9th Cir. 1991).

22   Dated:  October 1, 2013

23

24                                        _____
                                          DALE A. DROZD
25   DAD:6                                UNITED STATES MAGISTRATE JUDGE
     Ddad1\orders.pro se\levy1269.ifp.den.f&rs

26   _____
     [3]  As noted above, it has already been recommended by one Magistrate Judge of this court that
27   plaintiff be declared a vexatious litigant.  If those findings and recommendations are adopted by
     the District Judge assigned to that case, plaintiff may well be subject to a pre-filing review order
28   based upon her litigation activities prior to the filing of this action.

                                          5